UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGO NESBIT, ) | Case No. CV 12-3778-PJW |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM OPINION AND ORDER |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ACTING COMMISSIONER OF THE ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## I.   INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred in relying on the vocational expert's testimony to conclude that she could perform the jobs of usher, greeter, and storage facility clerk.  For the following reasons, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings consistent with this decision.

## II.   SUMMARY OF PROCEEDINGS

In January 2009, Plaintiff applied for DIB and SSI, alleging that she was disabled due to carpal tunnel syndrome in both wrists, tendonitis in her left shoulder, a bulge in her neck, lower back problems, and depression. (Administrative Record ("AR") 76-78, 141.) After her applications were denied initially, Plaintiff requested and was granted a hearing before an ALJ. (AR 76-78, 83-96.) On August 18, 2010, she appeared without counsel for the hearing. (AR 34-74.) On January 25, 2011, the ALJ issued a decision denying benefits. (AR 18-27.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-6, 11-12.) This action followed.

## III.   ANALYSIS

Plaintiff contends that the ALJ's determination that she could work as a greeter, usher, and storage facility clerk is not supported by substantial evidence because: (1) the vocational expert testified that Plaintiff could not work as a greeter or an usher based on her limitations; and (2) the reasoning ability necessary to perform the storage facility clerk job exceeds Plaintiff's residual functional capacity. (Joint Stip. at 5-10.) For the following reasons, the Court agrees.

Once a disability claimant has established that she can no longer perform her past work, the burden shifts to the Agency to show that she can perform other jobs that exist in substantial numbers in the national economy. *Bray v. Astrue*, 554 F.3d 1219, 1222-23 (9th Cir. 2009). To meet this burden, the Agency can call upon a vocational expert to testify about the types of jobs that a claimant could perform despite her limitations and the number of such jobs in the economy. *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

The ALJ determined that Plaintiff had the residual functional capacity to perform simple, repetitive, light work if allowed to, among other things, alternately sit and stand. (AR 21.) After concluding that Plaintiff's limitations would prevent her from returning to her past work, the ALJ determined--purportedly based on the vocational expert's testimony--that Plaintiff could nevertheless work as a greeter, usher, and storage facility clerk. (AR 25-26.) In doing so, the ALJ misinterpreted the vocational expert's testimony, a point the Agency appears to concede in its brief as it does not contest Plaintiff's position. (Joint Stip. at 11-19.[1]) The vocational expert testified that an individual who was required to have a sit and stand option could not work as either a greeter or an usher. (AR 69.) According to the vocational expert, these are "standing jobs, with some walking" and not really tailored to sitting. (AR 69.) Thus, the ALJ's conclusion that Plaintiff could perform these jobs was contradicted by the evidence and is reversed.

What remains, is the ALJ's conclusion that Plaintiff could perform the job of storage facility clerk. Although this job is one that can be performed with a sit and stand option, Plaintiff argues that she does not have the mental capacity to perform it because she is limited to simple, repetitive tasks and this job requires more advanced reasoning. For the following reasons, the Court finds that the ALJ erred here.

The ALJ determined that Plaintiff was limited to simple, repetitive work. (AR 21, 24-25.) The vocational expert testified

---

[1] The Court requests that, in the future, the Agency merely state in its brief that it agrees with Plaintiff that the ALJ erred.

that, despite this limitation, Plaintiff could work as a storage facility clerk. (AR 67.) This job requires an ability to reason at level 3. *Dictionary of Occupational Titles* ("DOT") No. 295.367-026. Reasoning level 3 requires a worker to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DOT No. 295.367-026. The ALJ, however, failed to ask the vocational expert whether her testimony was consistent with the DOT, which she was required to do. Social Security Ruling 00-4p ("When a [vocational expert] ... provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] ... evidence and information provided in the [Dictionary of Occupational Titles ]."). This failure mandates reversal. *See Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (holding ALJ's failure to ask vocational expert if testimony was consistent with DOT mandates reversal because court cannot determine if decision is supported by substantial evidence). This is particularly true here where the issue is whether a claimant limited to simple and repetitive tasks can perform level 3 work. *See, e.g., Signavong v. Astrue*, 2011 WL 5075609, at *7 (C.D. Cal. Oct. 25, 2011) ("[T]he weight of authority in this Circuit holds that a limitation to simple, repetitive tasks is incompatible with a reasoning level of three.") (italics and footnote omitted); *Grimes v. Astrue*, 2011 WL 164537, at *4 (C.D. Cal. Jan. 18, 2011) ("The weight of authority is firmly of the view that Reasoning Level 3 jobs are inconsistent with limitations to simple repetitive tasks."); c.f., *Dahl v. Astrue*, 2011 WL 2837660 (C.D. Cal. July 18, 2011).

The Agency disagrees. It contends that there is no need to send the case back to the ALJ because, in its view, a claimant with the ability to perform simple, repetitive tasks can perform the job of storage facility clerk because the Specific Vocational Preparation ("SVP") rating for this job is 2. The Agency argues that an SVP of 2 is tantamount to simple, repetitive work. (Joint Stip. at 14.) This argument is rejected. The Agency's argument conflates two different vocational considerations. The SVP rating sets forth how long it takes a typical worker to learn a particular job. *Meissl v. Barnhart*, 403 F.Supp.2d 981, 983 (C.D. Cal. 2005). The reasoning level on the other hand quantifies the level of cognition required to perform the job once learned. *See also Carney v. Astrue*, 2010 WL 5060488, at *4 (C.D. Cal. Dec. 6, 2010) ("A job's simplicity level is more squarely addressed by . . . reasoning level ratings."). Though there is obviously some overlap in the two, they are not so similar as to be interchangeable.

The Agency argues that the record as a whole demonstrates that Plaintiff is able to perform reasoning level 3 work. It points out, for example, that Plaintiff graduated from high school and performed semi-skilled and skilled work in the past. (AR 17-18.) Even assuming that these were valid reasons for concluding that Plaintiff could perform this work, the Court would not be allowed to rely on them because the ALJ did not purport to rely on them in concluding that Plaintiff could work as a clerk. *See Bray,* 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ--not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

IV. CONCLUSION

For these reasons, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this memorandum opinion and order.[2]

IT IS SO ORDERED.

DATED: May 6, 2013

/s/ Patrick J. Walsh
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\NESBIT, 3778\memo opinion and order.wpd

---

[2] The Court has considered Plaintiff's request that the case be remanded for an award of benefits. This request is denied because it is not clear from this record whether Plaintiff is disabled and, therefore, entitled to benefits.